# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

# IN ADMIRALTY

| | |
|---|---|
| In the Matter of The Complaint<br><br>Of<br><br>Branson Duck Vehicles, LLC, as Owner; and Ripley Entertainment, Inc., as Owner *pro hac vice* of the STRETCH DUCK 07 for Exoneration from or Limitation of Liability | **CIVIL ACTION NO**: 6:18-cv-03339-MDH |

**SUGGESTIONS IN SUPPORT OF MOTION TO STAY DISSOLUTION OF INJUNCTION ISSUED ON NOVEMBER 30, 2018, PENDING APPEAL**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | PROCEDURAL BACKGROUND | 1 |
| II. | LEGAL STANDARD | 3 |
| III. | ANALYSIS | 4 |
| | a. Limitation Plaintiffs have identified substantial grounds for appeal and are likely to prevail. | 4 |
| | b. If the Injunction is not maintained, Limitation Plaintiffs will be irreparably harmed by having to litigate in parallel jurisdictions and be subjected to a liability and damages scheme that is inconsistent with those that apply in admiralty. | 8 |
| | c. Claimants will not be harmed by issuance of the stay. | 10 |
| | d. The public interest favors granting the stay. | 11 |
| IV. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Cases**

*Arkansas Peace Ctr. v. Arkansas Dep't of Pollution Control*,
 992 F.2d 145 (8th Cir. 1993) ..................................................................................................4

*Beaton v. Rent-A-Ctr., Inc.*,
 No. 4:18-CV-00026-JAR, 2018 WL 3159864 (E.D. Mo. June 4, 2018) ............................9, 10

*Brady v. Nat'l Football League*,
 640 F.3d 785 (8th Cir. 2011) ..................................................................................................4

*Dalton v. Walgreen Co.*,
 No. 4:13-CV-603-RWS, 2013 WL 2367837 (E.D. Mo. May 29, 2013) ..................................9

*Dataphase Systems, Inc. v. C L Systems, Inc.*,
 640 F.2d 109 (8th Cir. 1981) ..................................................................................................3

*The Daniel Ball*,
 77 U.S. (10 Wall.) 557 (1870) ................................................................................................5

*Edwards v. Hurtel*,
 717 F.2d 1204 (8th Cir. 1983), *aff'd on reh'g*, 724 F.2d 689 (8th Cir. 1984) ..................2, 5, 7

*Exxon Shipping Co. v. Baker*,
 554 U.S. 471 (2008) ................................................................................................................8

*Fed. Nat. Mortg. Ass'n v. Torborg*,
 573 F. App'x 606 (8th Cir. 2014) ..........................................................................................10

*Finneseth v. Carter*,
 712 F.2d 1041 (6th Cir. 1983) ................................................................................................7

*Frable v. Synchrony Bank*,
 215 F. Supp. 3d 818 (D. Minn. 2016) ...................................................................................11

*Iowa Utils. Bd. v. F.C.C.*,
 109 F.3d 418 (8th Cir. 1996) ..................................................................................................4

*Livingston v. United States*,
 627 F.2d 165 (8th Cir. 1980) ..................................................................................................7

*Nken v. Holder*,
 556 U.S. 418 (2009) ................................................................................................................3

*Pudlowski v. The St. Louis Rams, LLC*,
    No. 4:16-CV-189 RLW, 2016 WL 3455375 (E.D. Mo. June 20, 2016) ..................................11

*Raskas v. Johnson & Johnson*,
    No. 4:12-CV-2174-JCH, 2013 WL 1818133 (E.D. Mo. Apr. 29, 2013) ..................................9

*Sun World Lines, Ltd. v. March Shipping Corp.*,
    801 F.2d 1066 (8th Cir. 1986) ...............................................................................................9

*Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts*,
    921 F.2d 775 (8th Cir. 1990) .................................................................................................7

*Valley Line Co. v. Ryan*,
    771 F.2d 366 (8th Cir. 1985) .................................................................................................8

**Statutes**

46 U.S.C. §§ 30501-30512 .................................................................................................1

28 U.S.C. § 1291................................................................................................................2

28 U.S.C. § 1292................................................................................................................2

Limitation Plaintiffs, Branson Duck Vehicles, LLC and Ripley Entertainment, Inc. (collectively "Limitation Plaintiffs"), in support of their motion to stay dissolution of the Court's injunction dated November 30, 2018, Doc. 24 ("the Injunction"),[1] suggest as follows:

## I.     PROCEDURAL BACKGROUND

STRETCH DUCK 7 was a commercial vessel that carried passengers for hire on Table Rock Lake—an interstate lake between Missouri and Arkansas—on July 19, 2018, when it encountered heavy weather and sank. On October 15, 2018, Limitation Plaintiffs filed this action invoking the Court's admiralty jurisdiction, seeking the rights and protections afforded to vessel owners and operators under the provisions of the Limitation of Liability Act ("Limitation Act"), 46 U.S.C. §§ 30501-30512, and applicable maritime law. *See* Doc. 1.

On November 30, 2018, pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Court issued an order approving the Limitation Plaintiffs' stipulation of value of the vessel, instituting procedures for the filing of claims, and issuing the Injunction which enjoined the further prosecution of any action or proceeding against the Limitation Plaintiffs or the Plaintiffs' property in any other jurisdiction. *See* Doc. 24. In substance, the Injunction prevented claims from proceeding in other courts, thereby resulting in all claims being administered and adjudicated in the Court in accordance with general maritime law and the procedural and substantive provisions of the Limitation Act.

On April 2, 2019, the Court issued a case management schedule and order, setting a discovery and briefing schedule to decide whether Table Rock Lake is a navigable waterway subject to admiralty jurisdiction. Doc. 135. In that order, the Court also ordered all other discovery

---

[1] Limitation Plaintiffs acknowledge that the Injunction may have been dissolved by operation of the Court's November 27, 2019 order. To the extent the Injunction has been dissolved, this motion should be treated as a motion to reinstate the Injunction, pending appeal.

1

to continue on a parallel basis and set various terms, conditions, and deadlines under which that discovery would proceed. *Id.* at pp 3-5. Significant discovery has occurred, including written discovery, production of documents, and numerous depositions. As noted in the second quarterly status report (Doc. 276), 30 of the 31 claims filed in this action have settled after mediation. In addition, the claimants in the only outstanding claim against Limitation Plaintiffs have agreed to a second mediation, which will occur on December 4, 2019. The Court has approved many of these settlements in this matter.

On November 14, 2019, the Court heard oral argument regarding whether admiralty jurisdiction exists over Table Rock Lake. On November 27, 2019, the Court issued an order concluding that Table Rock Lake is not subject to admiralty jurisdiction and dismissing Limitation Plaintiffs' complaint. Doc. 311 (hereinafter "the Court's Order"). The Court noted in its November 27, 2019 Order that the Eighth Circuit's decision in *Edwards v. Hurtel*, 724 F.2d 689 (8th Cir. 1984), controlled its jurisdictional decision. *See* Doc. 311 at pp. 3-4 ("this Court does not have authority to overrule the Eighth Circuit's decision in *Edwards* that Table Rock Lake is not a navigable waterway."). On December 2, 2019, Limitation Plaintiffs filed a notice of appeal. Doc. 314.[2]

If the Court dissolves the Injunction (or declines to reinstate it), irreparable harm will result while the appeal is pending for the following reasons: (1) the benefits of general maritime law and the Limitation Act will be irretrievably lost while the parties litigate in parallel forums; (2) the parties and the courts will expend considerable efforts that would not serve the interests of judicial

---

[2] The Eighth Circuit's jurisdiction over the appeal exists under 28 U.S.C. § 1291 as this is an appeal from a final decision of the Court. Even if the Court's Order is not final, appellate jurisdiction would exist under 28 U.S.C. § 1292(a)(1) (interlocutory orders impacting an injunction) and 28 U.S.C. § 1292(a)(3) (interlocutory decrees in admiralty cases).

2

economy; and (3) there is a significant risk of decisions, orders, and even a verdict being issued that would be inconsistent with maritime law and that could later be rendered moot should the Eighth Circuit determine that admiralty jurisdiction exists. At the same time, the claimants would suffer no prejudice were the Court to leave in place the Injunction during the pendency of the appeal.

Thus, pursuant to Federal Rule Civil Procedure 62, Limitation Plaintiffs request that the Court stay entry of judgment and dissolution of (or reinstate) the Injunction pending appeal.

## II. LEGAL STANDARD

The Court has wide discretion to stay enforcement of its order pending the outcome of an appeal. "[A]s part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9 (1942)). "A stay…hold[s] a ruling in abeyance to allow an appellate court the time necessary to review it." *Id.* The very nature of this sort of preliminary relief is to "preserve the status quo until the merits are determined." *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The authority of the Court to stay dissolution of (or reinstate) the Injunction while an appeal is pending is clear. *See* Fed. R. Civ. P. 62(d) ("while an appeal is pending from an interlocutory order or final judgment that…modifies [or] dissolves….an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.")

If the Injunction is dissolved without a stay, the remaining claim will proceed in state court (where it was originally filed), and that court would apply state procedural and substantive law (subject of course to any preempting federal law). As discussed in more detail below, the law under which the claims would be adjudicated in state court is different than the applicable maritime

law that the Court would apply.  These differences have potential and significant implications for the rights of the parties, with respect to the availability of a jury trial, the number and types of claims that can be asserted, the applicable liability standard, and the availability and scope of potential damages, including punitive damages.  Absent a stay of the effect of the dismissal, the remaining claim would be litigated in state court while the fundamental issue of jurisdiction is litigated in the Eighth Circuit.  Such parallel litigation is not in the interest of judicial economy.  Therefore, in consideration of the factors below, Limitation Plaintiffs request that the Court stay dissolution of (or reinstate) the Injunction until the Eighth Circuit has decided the discrete legal issue of whether, based on the evidentiary record in *this* case, Table Rock Lake is a navigable waterway subject to admiralty jurisdiction.

When determining whether a stay is warranted, the Court considers:  (1) the likelihood that Limitation Plaintiffs will prevail on the merits of the appeal; (2) the likelihood that Limitation Plaintiffs will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.  *See Arkansas Peace Ctr. v. Arkansas Dep't of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993).  The Court "consider[s] the relative strength of the four factors, balancing them all." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotations marks and citation omitted).

These factors all weigh in favor of issuing a stay to preserve the status quo pending resolution of the appeal in the Eighth Circuit.

### III.    ANALYSIS

### a. Limitation Plaintiffs have identified substantial grounds for appeal and are likely to prevail.

To find this factor satisfied, the Court need not decide that Limitation Plaintiffs' appellate success is certain.  *See Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996) (holding

4

petitioners "need not establish an absolute certainty of success").

While the Court determined it is bound by the Eighth Circuit's decision in *Edwards v. Hurtel*, 717 F.2d 1204, 1205 (8th Cir. 1983), *aff'd on reh'g*, 724 F.2d 689 (8th Cir. 1984), the Court also recognized that the Court of Appeals might overturn its prior decision. *See* Doc. 311 at pp. 3-4 ("this Court does not have authority to overrule the Eighth Circuit's decision in *Edwards* that Table Rock Lake is not a navigable waterway. It is appropriate that this Court follow binding precedent unless and until overruled by the 8th Circuit or the U.S. Supreme Court."). Limitation Plaintiffs are likely to prevail on appeal because *Edwards* is not controlling in light of the different factual record in this case. Moreover, recent Eighth Circuit authority commands that *Edwards* should be read differently than as interpreted by the Court.

In *Edwards*, the petitioner did not object to the district court taking judicial notice of dispositive jurisdiction facts that determined navigability. The petitioner did not object to or otherwise challenge in the district court judicially noticed facts that went to the heart of whether the waterway is navigable—namely that the lake was not "susceptible of use for commercial shipping" and "there [was] no reasonable likelihood that Table Rock Lake will become or be made navigable in the near future." 717 F.2d at 1205. In other words, by not contesting the determinative factual issue of whether the waterway was susceptible for use in interstate commerce, the petitioner effectively admitted that the test for navigability under applicable case law was not satisfied.[3] Accordingly, the Eighth Circuit was compelled to affirm the finding of the district court that Table Rock Lake was not navigable based on the judicially noticed facts.

---

[3] In determining whether waterways are considered navigable and subject to admiralty jurisdiction, the question is whether the waterways "are used or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water." *The Daniel Ball*, 77 U.S. (10 Wall.) 557, 563 (1870).

5

By contrast, Limitation Plaintiffs did not accept the judicially noticed *Edwards* facts, but instead introduced substantial evidence – largely uncontested – about Table Rock Lake's physical characteristics; its geographic scope spanning two states; its current uses; and, most importantly, its susceptibility in its present form for sustaining navigation by vessels in interstate commerce. *See* Docs. 154-156. The factual record in this case is overwhelmingly different than the record in *Edwards,* and the Court is accordingly not bound by the outcome in the *Edwards* decision. *See* Doc. 188 at pp. 26-29. A 35-year-old, uncontested *factual finding* made in a suit among different parties and involving a different, truncated, and likely inaccurate factual record, which was affirmed in a brief, *per curiam* decision, cannot control the outcome in this case in light of the extensive, contrary factual record presented to the Court.

Furthermore, Limitation Plaintiffs respectfully contend that the Court misread the applicable standard. In the Court's Order, the Court adopted the claimants' position that "contemporary navigability in fact" means that to be navigable for admiralty jurisdiction purposes, the waterway must be *presently used* for interstate commercial activity. The Court emphasized the following facts or factors, all of which focus on the *present use* of Table Rock Lake rather the *present capability to use* Table Rock Lake:

- "there is no meaningful evidence of trade or transportation activity" (Doc. 311 at p. 3);
- "contemporary navigability requires more than recreational boating and tourist activity" (*Id.* at p. 4);
- "Neither people nor goods are shipped across the lake as part of interstate commerce" (*Id.* at p. 4); and
- "No tug boats, barges or ferries operate on the lake and it would not be economically feasible for any to do so." (*Id.* at p. 4).

Limitation Plaintiffs respectfully submit that the Court's acceptance of the "present use" standard conflicts with the standards employed by every Circuit, including the Eighth Circuit, that
6
Case 6:18-cv-03339-MDH   Document 316   Filed 12/02/19   Page 10 of 16

has addressed this issue.[4] *Livingston v. United States,* 627 F.2d 165 (8th Cir. 1980); *Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts*, 921 F.2d 775 (8th Cir. 1990); and *Edwards* itself demonstrate that admiralty jurisdiction does not require present navigation of the waterway by commercial vessels in interstate commerce.

In *Three Buoys*, the Eighth Circuit addressed the confusion created by the Sixth's Circuit earlier interpretation of the *Livingston* decision in *Finneseth v. Carter*, 712 F.2d 1041 (6th Cir. 1983) and the Sixth Circuit's perception that *Livingston* requires actual present navigation. *Three Buoys*, 921 F.2d at 778 n.4. Addressing that misperception, the *Three Buoys* Court stated that "*Finneseth* is not actually contrary to *Livingston*" and "Dale Hollow Lake [the water body at issue in *Finneseth*] is an interstate water body *susceptible or capable of being used as an interstate highway of commerce, even though not presently so used…*" *Id.* (emphasis added). And then in *Edwards* the Eighth Circuit found that the correct standard is capability or susceptibility and not current actual use, but held that it was bound to find Table Rock Lake not navigable because of the judicially noticed facts. The Court stated as follows:

> we acknowledge the Sixth Circuit's decision in *Finneseth v. Carter,* 712 F.2d 1041 (6th Cir.1983), in which the court held that an interstate lake was navigable for purposes of invoking admiralty jurisdiction because of a showing of the lake's capability or susceptibility for use as an interstate highway of commerce, we need not address that issue *under the facts of this case.*

*Edwards*, 717 F.2d at 1205 (emphasis added).

As stated in *Three Buoys* and *Edwards*, the test is *current* navigability and the factual record in this case, unlike *Edwards,* demonstrates that admiralty jurisdiction exists, just like the numerous

---

[4] Limitation Plaintiffs submitted evidence demonstrating Table Rock Lake's present capability or susceptibility for use by vessels engaged in interstate commerce, expert evidence that barges or other types of vessels – of at least up to 150 feet long, and at least up to 40 feet wide, and with drafts of at least eight feet – could freely and safely navigate on Table Rock Lake between locations in Missouri and Arkansas. *See* Doc. 238 at p. 2.

7

similarly situated interstate lakes across the country that are all subject to admiralty jurisdiction. *See* Doc. 188 at pp. 9-10. These interstate lakes are indistinguishable from Table Rock Lake.

Given the different factual record in this case, the "outlier" nature of the finding in *Edwards* that this interstate lake is not subject to admiralty jurisdiction, and the inconsistency that decision creates with the standards and case law applied in the Supreme Court and other circuit and district courts around the country, Limitation Plaintiffs respectfully submit that they have identified substantial grounds for appeal and are likely to prevail on the merits.

> **b. If the Injunction is not maintained, Limitation Plaintiffs will be irreparably harmed by having to litigate in parallel jurisdictions and be subjected to a liability and damages scheme that is inconsistent with those that apply in admiralty.**

As noted above, maritime law and Missouri state law treat procedural and substantive issues very differently. Under general maritime law, the right to a jury is significantly curtailed as the court determines the limitation issues, *see, e.g.*, *Valley Line Co. v. Ryan*, 771 F.2d 366, 372 (8th Cir. 1985) (noting "limitation proceedings deprive claimants of their right to jury trial"), and the court then has discretion on whether damages will be determined by the court or a jury. In Missouri state court (where the remaining claim was originally filed), liability and damages would possibly be adjudicated under state law where a right to a jury trial is not so curtailed. Under general maritime law, liability would be assessed under the procedures set forth in the Limitation Act and related rules of procedure, with limitations that are not available under state law. Similarly, under general maritime law any punitive damages award would be subject to more restrictive limits than are imposed under state law.[5]

---

[5] General maritime law places significant constraints on punitive damages awards. See *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513 (2008) (determining that a 1:1 ratio is a "fair upper limit" for punitive damages in federal maritime cases, meaning that the punitive damages award should be approximately equal to the compensatory award.) While state law may sometimes supplement

If the Court does not maintain the Injunction and permits the case to proceed in state court while the appeal is pending in the Eighth Circuit, Limitation Plaintiffs would be irreparably harmed by being subject to simultaneously litigating in state court and on appeal at the Eighth Circuit and by the potentially conflicting outcomes on key substantive and procedural issues. *See Raskas v. Johnson & Johnson,* No. 4:12-CV-2174-JCH, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013) (in assessing defendants request for a stay of remand to state court pending appeal in the Eighth Circuit, the court noted "[a]s to the second factor, the likelihood that defendants will be irreparably harmed absent a stay, the burden of having to simultaneously litigate these cases in state court and on appeal to the Eighth Circuit, as well as the potential of inconsistent outcomes if the state court rules on any motions while the case is pending before the Eighth Circuit, weigh in favor of granting the stays.") Actions taken in the state court, including potential rulings on substantive motions and even a jury verdict, could all occur before resolution of the appeal, creating significant inconsistencies and procedural issues should the Eighth Circuit conclude admiralty jurisdiction exists. *See id.*; *see also Beaton v. Rent-A-Ctr., Inc.*, No. 4:18-CV-00026-JAR, 2018 WL 3159864, at *2 (E.D. Mo. June 4, 2018) (holding stay warranted as it "would avoid potentially inconsistent rulings resulting from such simultaneous litigation" in state court and on appeal); *Dalton v. Walgreen Co.*, No. 4:13-CV-603-RWS, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013) (granting stay where "Defendant will be irreparably harmed by … the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending").

Similarly, without a stay, decisions or judgment by the state court could potentially moot the pending appeal thereby effectively eliminating Limitation Plaintiffs' right to appeal and

---

general maritime law, general maritime law will generally apply if there is a conflict between the two. *See* S*un World Lines, Ltd. v. March Shipping Corp*., 801 F.2d 1066, 1068 (8th Cir. 1986).

preventing the Eighth Circuit from determining whether admiralty jurisdiction properly exists in this case. In similar, but not controlling circumstances, the Court of Appeals has found that an appeal from an order remanding a case to state court was mooted by a state court verdict. *See Fed. Nat. Mortg. Ass'n v. Torborg*, 573 F. App'x 606, 607 (8th Cir. 2014) (finding appeal from remand order "moot" where no stay was requested and the state court entered judgment on the claims while appeal was still pending because "[r]eversing the remand order would not disturb … the state court's judgment"). Moreover, if the Eighth Circuit decides that there is admiralty jurisdiction, the unnecessary state-court proceedings would have been a waste of the resources of both the parties and the state court. *See Beaton*, 2018 WL 3159864, at *2 (granting stay of remand order where it "would prevent the parties from having to expend resources to litigate the cases simultaneously in state court and on appeal" and would "conserv[e] judicial resources and promot[e] judicial economy").

Accordingly, to avoid this irreparable harm, Limitation Plaintiffs request that the Court stay dissolution of (or reinstate) the Injunction pending resolution of the appeal in the Eighth Circuit Court of Appeals.

### c. Claimants will not be harmed by issuance of the stay.

Limitation Claimants would suffer no prejudice were the Court to maintain the Injunction while the Eighth Circuit reviews the legal issue Limitation Plaintiffs will present. While the Claimants may argue that the delay would be prejudicial, the Claimants will benefit from a stay in that they will not expend additional unnecessary resources in state court litigating issues that will have little substantive and procedural relevance should the Eighth Circuit determine on appeal that admiralty jurisdiction exists and therefore maritime law applies to this matter.

### d. The public interest favors granting the stay.

The public interest is not harmed in any way by virtue of the requested stay. On the contrary, it is in the public interest to promote judicial economy and preserve the parties' resources. *See, e.g., Pudlowski v. The St. Louis Rams, LLC,* No. 4:16-CV-189 RLW, 2016 WL 3455375, at *1 (E.D. Mo. June 20, 2016) (holding that "public interest favors granting a stay because it would avoid potentially duplicative litigation…thereby conserving judicial resources and promoting judicial economy") (internal quotations and citations omitted); *Frable v. Synchrony Bank,* 215 F. Supp. 3d 818, 821 (D. Minn. 2016) (factors to consider in determining whether to stay litigation include "conservation of judicial resources and the parties' resources"). Moreover, in enacting specific rules for admiralty cases, Congress recognized that public policy requires that cases within the admiralty jurisprudence should proceed according to particular procedures and substantive law. The public interest favors application of that body of law and, if there is doubt about the existence of admiralty jurisdiction, the courts should resolve those issues before allowing state-court processes to proceed.

For these reasons, the public-interest factor weighs in favor of maintaining the Injunction until the appeal is heard in the Eighth Circuit Court of Appeals.

## IV. CONCLUSION

For the reasons set forth above, Limitation Plaintiffs request the court to stay dissolution of (or reinstate) the Injunction pending a decision by the Eighth Circuit Court of Appeals on the issue of whether admiralty jurisdiction exists over Table Rock Lake based on the evidentiary record in this case.

Dated: December 2, 2019							Respectfully submitted,

**LASHLY & BAER, P.C.**

*/s/ Terrance J. Good*
Terrance J. Good #25336MO
Alexandra C. Wells #67316MO
714 Locust Street
St. Louis, MO 63101
(314) 621-2939
(314) 621-6844/Fax
tjgood@lashlybaer.com
awells@lashlybaer.com

AND

**K&L GATES LLP**
Jeffrey S. King, *Pro Hac Vice*
Luke M. Reid, *Pro Hac Vice*
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100
(617) 261-3175/Fax
jeffrey.king@klgates.com
luke.reid@klgates.com

AND

**LATHROP GAGE LLP**
Jean Paul Bradshaw II		#31800
Rachel E. Stephens		#59419
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
(816) 292-2000
(816) 292-2001
jbradshaw@lathropgage.com
rstephens@lathropgage.com

*Attorneys for Limitation Plaintiffs Branson Duck Vehicles, LLC and Ripley Entertainment, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true copy of the foregoing was filed and served via the Court's electronic filing system this 2nd day of December 2019.

*/s/ Terrance J. Good*
Terrance J. Good #25336MO

12