IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of ) <br> BRANSON DUCK VEHICLES, LLC as ) <br> Owner and; RIPLEY ENTERTAINMENT, ) <br> INC., as Owner *pro hoc vice* of the STRETCH ) <br> DUCK 07 for Exoneration from or Limitation ) <br> Of Liability ) <br> ) | Consolidated <br> Case Nos.  6:18-cv-03339-MDH <br> 6:19-cv-05006-MDH |

## ORDER

Before the Court is limitation plaintiffs Branson Duck Vehicles, LLC and Ripley Entertainment, Inc.'s Motion to Stay Dissolution of Injunction issued on November 30, 2018 pending Appeal.  (Doc. 315).  Plaintiffs' motion requests the Court enter an order staying dissolution of the Injunction pursuant to Fed. R. Civ. P. 62 pending the Eighth Circuit's resolution of the pending appeal.

On November 27, 2019, the Court entered an Order dismissing this case for lack of jurisdiction. (Doc. 311).  On December 2, 2019, Branson Duck Vehicles and Ripley Entertainment filed their Notice of Appeal and their instant motion seeking a stay pending their appeal.[1] Claimants Joseph and William Strecker, the only remaining claimants in this action, have filed an opposition to the motion to stay.  (Doc. 320).[2]

After careful review of the arguments presented by the parties, the Court **DENIES** the motion to stay.  While the Court believes it has authority to grant this motion, despite the Streckers'

---

[1] Limitation plaintiff Ride the Ducks International, LLC has not filed an appeal.  See Case No. 19-cv-05006, which has been consolidated with this case.
[2] The "former claimants" who have resolved and dismissed their claims against Ripley have filed a response stating, to the extent any argument is made to stay their claims against the non-Ripley defendants based on any pending crossclaims, they join in the Streckers' opposition.  (Doc. 321)

argument to the contrary, the Court does not find the Limitation Plaintiffs have proved the necessary factors to invoke such an extraordinary remedy. For a stay pending appeal the Limitation Plaintiffs must show: "they are likely to succeed on the merits, (2) they will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest." *See Arkansas Peace Ctr. v. Arkansas Dep't of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993).

After weighing these factors, the Court finds the Limitation Plaintiffs cannot meet this burden and a stay pending appeal is not warranted. At a minimum, the Limitation Plaintiffs cannot establish that they will suffer "irreparable injury" if the stay is not granted. The Streckers' claim was the only remaining claim in this limitation of liability case and it is a wrongful death lawsuit pending in the Circuit Court of Stone County, Missouri. Further, there is a public interest in having these claims resolved and not stayed pending what could potentially be a lengthy appeal. Finally, this Court held that jurisdiction does not exist based on binding Eighth Circuit law and therefore does not find the Limitation Plaintiffs have met the burden to show the likelihood of success on the merits on appeal.

Accordingly, the Court **DENIES** the motion to stay pending appeal.

**IT IS SO ORDERED.**

Date: January 7, 2020                       */s/ Douglas Harpool*
                                                               DOUGLAS HARPOOL
                                                               UNITED STATES DISTRICT JUDGE